```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


ROGER LYNN MEADOWS,            *
                               *
      Plaintiff,               *
                               *
vs.                            *  CIVIL ACTION NO. 12-00641-WS-B
                               *
A-C PRODUCT LIABILITY TRUST,   *
et al.,                        *
                               *
      Defendants.              *
```

## REPORT AND RECOMMENDATION

This action is before the Court on review.  Plaintiff, who is proceeding *pro se*, filed a Complaint and a Motion to Proceed Without Prepayment of Fees on October 10, 2012.  (Docs. 1, 2). In an Order dated October 22, 2012, the undersigned observed that Plaintiff's motion was deficient because it was not clear that Plaintiff was unable to pay the statutory filing fee in light of the discretionary income listed in his motion[1]. (Doc. 5).  Accordingly, Plaintiff was directed to file, by November 2, 2012, a new motion that contains a complete listing of all of his sources of income, all of his monthly expenses, and an explanation of how he is providing for his basic necessities.

---

[1] In his motion, Plaintiff indicates that he receives social security benefits in the amount of $868 a month, and that he pays $200 per month for rent, and $40 per month for insurance. Plaintiff did not list any other monthly financial obligations.

(Id.).  Plaintiff was advised that, in lieu of filing a new motion, he must pay the $350.00 statutory filing fee by November 2, 2012.  (Id.).  Plaintiff was expressly cautioned that failure to comply with the Court's Order within the prescribed time could result in the dismissal of his action for failure to prosecute and to obey the Court's Order.  (Id.).

On October 30, 2012, Plaintiff filed a new motion to proceed without prepayment of fees.  (Doc. 8).  In an Order dated December 19, 2012, the Court observed that there is little significant difference between Plaintiff's new motion and his original motion as both motions reflect that on a monthly basis, Plaintiff has discretionary income in the amount of $668.00 after meeting his monthly financial obligations.  (Id.). Accordingly, the Court denied Plaintiff's motion and ordered him to pay the $350.00 filing fee by January 8, 2013, or suffer dismissal of his action.  (Doc. 11).

A review of the docket reflects that, to date, Plaintiff has failed to comply with the Court's directives.  As of today's date, the filing fee has not been paid, and Plaintiff has offered no facts that suggest that he is unable to do so. Additionally, Plaintiff's copies of the Court's Orders have not been returned to the Court.

District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action

for failure to prosecute.  See, e.g., Hudson v. Cardwell Corp.,
2006 U.S. Dist. LEXIS 55306, *3 (S.D. Ala. July 27, 2006)
(Steele, J.).   While "*[p]ro se* pleadings are held to a less
stringent standard than pleadings drafted by attorneys and will,
therefore, be liberally construed[,]" Tannenbaum v. United
States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not
extend to a *pro se* litigant's failure to comply with federal
procedural rules, local court rules, or orders of the court.
See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx.
802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte*
dismissal of *pro se* action for failure to prosecute or failure
to obey a court order.).  Federal Rule of Civil Procedure 41(b)
expressly authorizes the involuntary dismissal of a claim due to
a plaintiff's failure to abide by court orders or the Federal
Rules of Civil Procedure.  See, e.g., State Exchange Bank v.
Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal
Rules expressly authorize a district court to dismiss a claim,
including a counterclaim, or entire action for failure to
prosecute or obey a court order or federal rule.").  Moreover,
the power of a court to dismiss a claim "is inherent in a trial
court's authority to enforce its orders and ensure prompt
disposition of legal actions."  Id.

     Due to Plaintiff's failure to comply with this Court's
Orders (Docs. 5, 11) and failure to prosecute this action, and

upon consideration of the alternatives that are available to this Court, it is recommended that this action be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **5th** day of **February, 2013.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

4

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of

---

[2]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.